ALLISON L. HITCHCOCK v. GEORGE S. HOSMER, CIRCUIT JUDGE OF WAYNE COUNTY.

*Transcript of judgment—Jurisdiction of justice—Stay of execution.*

The filing of an affidavit for a transcript with a justice of the peace after the expiration of five days from the rendition of a judgment, and the filing of the transcript in the circuit court, divest the justice of jurisdiction of the cause, and prevent the judgment debtor from thereafter staying the issuance of an execution on the judgment.

*Mandamus.* Argued June 20, 1893. Granted June 30, 1893.

Relator applied for *mandamus* to compel respondent to vacate an order granting a motion to set aside a judgment. The facts are stated in the opinions.

*Bowen, Douglas & Whiting,* for relator.

*W. B. Jackson,* for respondent.

MONTGOMERY, J. The sole question presented in this case is whether the filing of an affidavit for transcript with a justice of the peace, and the filing of such transcript in the circuit court, after the expiration of five days from the rendition of judgment, and before a stay of execution has ever been entered with the justice, operate to divest the justice of jurisdiction of the cause, and to prevent the party against whom the judgment was entered from thereafter entering a stay with the justice.

We think this question should be answered in the affirmative. Section 6947, 3 How. Stat. (Act No. 173, Laws of 1885), provides that whenever an execution may by law be issued upon any judgment rendered by a justice of the peace for $20 or over, exclusive of costs, the party in whose favor such judgment shall have been rendered may proceed to take steps to file a transcript in the circuit court. Section 6948 provides for the filing of such transcript with the clerk of the circuit court. How. Stat. § 6949 is as follows:

" Such judgment shall have the same effect as a judgment rendered in the circuit or district court, and may in the same manner be enforced, discharged, and canceled; and execution may be issued thereon against both the surety and the person against whom the judgment was rendered, or either of them, in the same manner as if execution were to be issued by the justice."

Section 6993 provides:

" Whenever a transcript of a judgment rendered by a justice of the peace shall have been filed and docketed by the clerk of the circuit or district court for the county, all executions thereon shall be issued out of and under the seal of such circuit or district court, and the power and authority of the justice in respect to such judgment shall cease."

We do not see any ambiguity or uncertainty in the

language employed in these sections. At the expiration of five days from the rendition of the judgment execution "may by law be issued." The transcript may therefore be taken out and entered. This is done, and the case docketed in the circuit, and the "power and authority of the justice in respect to such judgment shall cease." The learned circuit judge took a different view, and set aside the judgment docketed in the circuit. In this, we think, he was in error, and the writ requiring the correction of this error should issue.

.HOOKER, C. J., and GRANT, J., concurred with MONT-GOMERY, J.

McGRATH, J. (dissenting). Relator recovered judgment before a justice of the peace against one Pokriefka, March 7, 1893. On March 13, 1893, relator took a transcript from the justice, filed the same in the circuit court, and an execution was issued thereon. March 14, 1893, Pokriefka filed with the justice a stay of execution. On March 23, 1893, Pokriefka moved the circuit court for an order recalling said execution and vacating the judgment in the circuit. The circuit judge granted said motion, and this is an application for a *mandamus* directing the circuit judge to vacate said order.

Section 3802, Comp. Laws 1857 (How. Stat. § 6963), provides that the party against whom any judgment shall be recovered may stay the execution thereon by filing security with the justice within five days after the justice shall be authorized to issue execution thereon. Section 3798, Comp. Laws 1857 (How. Stat. § 6959), provides that in the cases mentioned in section 3797, Comp. Laws 1857 (How. Stat. § 6958), and in suits commenced by attachment, "execution shall, on application of the person in whose favor the judgment was rendered, be issued forthwith, unless such execution may be and is stayed."

Section 3799, Comp. Laws 1857 (How. Stat. § 6960), provides that executions shall issue, except in the cases mentioned' in the two preceding sections, at the expiration of five days after judgment, unless execution shall be stayed, and that execution shall not issue sooner without the consent of the debtor or the proof in the next section specified. Section 3800, Comp. Laws 1857 (How. Stat. § 6961), provides that upon a certain showing execution shall issue immediately, unless the same be stayed. Section 3806, Comp. Laws 1857 (How. Stat. § 6967), makes provision for recalling an execution issued within 10 days in case a stay be filed. Section 3786, Comp. Laws 1857, provided that a judgment creditor should be entitled to a transcript " whenever an execution shall be returned unsatisfied in whole or in part." Section 3832, Comp. Laws 1857 (How. Stat. § 6993), provides that upon the filing of the transcript in the circuit " the power and authority of the justice in respect to such judgment shall cease." In 1867, How. Stat. § 6947, was enacted, to take the place of section 3786, Comp. Laws 1857. The amended section provides that "whenever an execution may by law be issued upon any judgment" the judgment creditor shall be entitled to a transcript upon filing an affidavit setting forth that there are not sufficient goods and chattels liable to execution to satisfy said judgment. This section was further amended in 1885, and at the same time two new sections were added, providing that "whenever an execution may by law be issued upon any judgment rendered by a justice of the peace" the judgment creditor may, upon a showing made by affidavit, have a transcript, which he may file with any other justice within the State.

If section 6947 is to be given the construction and effect contended for by relator, then, in any case where a party in whose favor a judgment is rendered before a justice may obtain an execution within the 10 days, he may obtain a

transcript, file the same in the circuit or with another justice, and prevent a stay. Such a construction would defeat the intention of the Legislature as clearly expressed in the other sections referred to. It is true that under the sections above referred to executions may "by law be issued" "forthwith," or "immediately," 'or after the time within which an appeal may be taken has expired; but such executions issued before the 10 days shall have expired, within which a stay may be filed, are by law subject to recall. The execution may be issued, but it is issued subject, by express statutory provisions contained in the very act providing for its issue, to that infirmity. The amendment of 1867 was intended to avoid the delay consequent upon the return of executions, the life of which was 60 days. It simply substitutes the affidavit of the party for the return of the officer. It does not in express terms except the emergency executions which may by law be issued under the sections referred to, yet it contains no provisions recognizing the affidavits upon which such executions may be issued, nor does it contemplate that the affidavit therein provided for shall contain the proof of emergency. The other provisions of this act contemplate that the control of the justice over judgments shall be absolute, except in cases of appeal, until the lapse of the 10 days. None of the amending acts contain a repealing clause. The title of the act of 1867 is "An act to amend section 3786, in relation to transcripts of judgments rendered by justices of the peace."

All parts of the act must be considered together. The object of the amendment is apparent. It does not purport to interfere with or cut off the right to stay execution, or to divest the justice of control during the 10 days. If, therefore, a construction can be given to its language which will harmonize it with the other provisions of the act, and avoid repugnancy, that construction should be adopted.

To that end general words or language may be restricted.

The Legislature could not have intended that the right to an execution which, when obtained, was subject to a stay and to recall, could be made the basis for a transcript which, when granted and filed in the circuit or with another justice, would cut off the right to a stay. The language, "whenever an execution may by law be issued," should be held to mean an execution subject to no infirmities, and without liability to recall,—an execution which may by law be issued after the 10 days during which security may be filed and execution stayed. Such a construction gives effect to all parts of the act, recognizes the clear and evident purpose of the amendment, and preserves a right which the other provisions of' the act are carefully framed to protect.

The *mandamus* should therefore be denied.

LONG, J., concurred with McGRATH, J.